**SHAOZEN YE, a.k.a. Shao Zhen Ye, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73284.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 19, 2010.

Daniel K.Y. Fong, Esquire, Law Offices of Daniel K.Y. Fong, Monterey Park, CA, for Petitioner.

Brooke Maurer, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

* The panel unanimously concludes this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Shaozen Ye, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

Ye filed a motion to reopen based on the birth of two children in the United States. The BIA did not abuse its discretion in denying Ye's motion to reopen as untimely because she filed it 11 years after the BIA issued its final order, *see* 8 C.F.R. § 1003.2(c)(2), and Ye failed to demonstrate changed circumstances in China to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also He v. Gonzales,* 501 F.3d 1128, 1132 (9th Cir. 2007) (the birth of children outside the country of origin is a change in personal circumstances that is not sufficient to establish changed circumstances in the country of origin excusing the untimely filing of a motion to reopen).

We lack jurisdiction to review Ye's contention that there has been a change in the family planning practices in her home province in China because she did not raise this to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.